Bruce Roberts v. R. J. Brown et al.

Decided May 12, 1906.

**1.—False Imprisonment—Authority of Officer.**

    Under the provisions of section 1014 of United States Compiled Statutes of 1901, a justice of the peace of Clay County, Texas, upon complaint filed with him charging the offense of assault with intent to murder in the Indian

Territory, was empowered to issue a warrant for the arrest of the plaintiff, and the defendant, the sheriff of Clay County, was authorized and it was his duty to arrest the plaintiff, charged with said offense, and to take him before one of the officers named in said statute for hearing.

**2.—Bail—Section 1015, U. S. Compiled Stats., 1901, Construed.**

Under the provisions of section 1015, United States Compiled Statutes of 1901, only the judicial officer having jurisdiction to hear the complaint, and not the officer making the arrest, has authority to grant bail.

**3.—Mistaken Authority—Immaterial.**

The fact that the justice of the peace was mistaken in supposing that he was authorized by the State statutes to issue the warrant for the arrest of the plaintiff was immaterial since he was fully authorized by the United States statutes to do so.

**4.—Defective Complaint—Immaterial.**

The failure of the officer issuing the warrant of arrest to insert in the complaint the date of the commission of the offense would not render the sheriff who signed it liable for false imprisonment.

**5.—False Imprisonment—Damages—Charge.**

The plaintiff necessarily suffered injury and was entitled at least to nominal damages where the sheriff placed him in jail for forty hours instead of taking him at once before the nearest judicial officer for bail, and it was error for the court to submit the question of injury vel non to the jury.

**6.—Same—Liability of Sureties.**

If the sheriff was guilty of false imprisonment his bondsmen were liable.

Appeal from the District Court of Clay County. Tried below before Hon. A. H. Carrigan.

*W. T. Allen,* for appellant.

*Wolfe, Hare & Maxey* and *P. M. Stine,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Bruce Roberts sued R. J. Brown, sheriff of Clay County, and his bondsmen to recover damages for false imprisonment, alleging that said Brown made a complaint before a justice of the peace of precinct number 1 in Clay County, charging him with the offense of assault with intent to murder in the Indian Territory on the —— day of ——, 190—; that the justice of the peace issued a warrant for plaintiff's arrest upon which plaintiff was arrested by the defendant Brown and placed in the county jail, where he was kept confined for a period of about forty hours with no opportunity to make bond. The trial court sustained a demurrer as to the liability of the sureties and the cause as to the sheriff was tried before a jury, resulting in a verdict against the plaintiff, from which he has appealed.

Appellant insists, first, that the complaint upon which the warrant for his arrest was based was absolutely void and his arrest and imprisonment therefore illegal, entitling him to a summary instruction at the hands of the court. But with this contention we can not agree. Section 1014, United States Compiled Statutes, 1901, reads: "For any crime or offense against the United States, the offender may, by any justice or judge of the United States or by any commissioner of a circuit to

take bail, or by any chancellor, judge of a Supreme or Superior Court, chief or first judge of Common Pleas, mayor of a city, justice of the peace, or other magistrate of any State where he may be found, and agreeably to the usual mode of process against offenders in such State, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. . . . That it shall be the duty of the marshal, his deputy or other officer, who may arrest a person charged with any crime or offence, to take the defendant before the nearest Circuit Court Commissioner or the nearest judicial officer having jurisdiction under existing laws for a hearing, commitment, or taking bail for trial, and the officer or magistrate issuing the warrant shall attach thereto a certified copy of the complaint, and upon the arrest of the accused, the return of the warrant, with a copy of the complaint attached, shall confer jurisdiction upon such officer as fully as if the complaint had originally been made before him. . . ." Section 1015 authorizes bail in such cases as follows: "Bail shall be admitted upon all arrests in criminal cases where the offense is not punishable by death; and in such cases it may be taken by any of the persons authorized by the preceding section to arrest and imprison offenders."

Under these statutes the justice of the peace of precinct number 1 in Clay County was empowered, upon the complaint of appellee Brown, to issue a warrant for the arrest of appellant agreeably to the usual mode of process in this State, and appellee Brown was authorized, and it was his duty, upon receiving such warrant to arrest appellant and to take him before the nearest Circuit Court Commissioner or the nearest judicial officer having jurisdiction for a hearing, commitment, or taking bail for trial. It is insisted that appellant had the right to demand bail of appellee Brown, and the evidence indicates that that officer was requested to allow appellant to make bond. Section 1015 above quoted is relied upon, in part at least, for this insistence. But we think the proper interpretation of that section is that bail may be allowed by the Circuit Court Commissioner or other judicial officer having jurisdiction to hear the complaint. True, the section declares that in such cases bail may be taken by any of the persons authorized by the preceding section to arrest and imprison offenders, but an examination of the wording of the preceding section shows that it is only the judicial officers named who are authorized to arrest, imprison or bail as the case may be, the accused.

Appellant insists that the provisions of our code of criminal procedure for the apprehension and arrest of fugitives from justice from other States or Territories have no application to this case, where the offense is charged to have been committed in the Indian Territory. We agree with this contention, but if the justice of the peace proceeded under the mistaken belief that such statutes authorized his procedure, his acts nevertheless were valid, since they find ample authority in the section of the United States Compiled Statutes above quoted.

We think the failure of the justice to give the date of the commission of the alleged offense in the complaint would not make void that instrument so as to authorize a civil proceeding for damages against the appellee who signed it.

The judgment must be reversed and the cause remanded, however, for the error of the court in giving the following charge: "The burden of proof in this case is upon the plaintiff to show by the preponderance of evidence that he has suffered injury and sustained damages, as complained of by him in his petition, and if he has failed to do so you will find for the defendant." If appellee, instead of carrying appellant before the nearest judicial officer for bail, placed him in jail and confined him there for the length of time alleged, appellant upon showing these facts might be entitled to a verdict at least for nominal damages, since necessarily he has suffered injury. It is improper in such a case to submit to the jury as doubtful a fact as to which there can be no doubt.

It was also error to sustain the demurrer of the sureties upon the sheriff's bond. If the sheriff was derelict in the matter above discussed, the same was an official act for which his bondsmen would be liable in damages.

For these errors the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*