RUSSEY v. WILSON et al.     (No. 7915.)

(Court of Civil Appeals of Texas. Dallas. March 16, 1918. Rehearing Denied April 30, 1918.)

SHERIFFS AND CONSTABLES ☞171—LIABILITY OF SHERIFF—ACTION—INSTRUCTIONS.

In an action against a sheriff and his sureties for damages for refusing to give plaintiff reasonable time to furnish bail, an instruction that it was the sheriff's duty, under Code Cr. Proc. 1911, arts. 336, 343, 345, 518, to prepare the bail bond, was not required, where the evidence showed that plaintiff was at no time prior to his incarceration ready to give bond.

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Suit by J. W. Russey against A. W. Wilson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Wm. R. Booth, of Ft. Worth, and Y. D. Kimble, of Waxahachie, for appellant. J. T. Spencer, W. P. Hancock, and J. C. Lumpkins, all of Waxahachie, for appellees.

RASBURY, J. Appellant sued appellees, the sheriff and his sureties, for damages for refusing him reasonable time in which to give bail and wrongfully incarcerating him in the Ellis county jail. There was jury trial and verdict for appellees, followed by similar judgment, from which this appeal is prosecuted.

The arrest, it appears from the record without dispute, was upon capias issued upon information charging appellant with a misdemeanor, in that he was unlawfully engaged in the practice of dentistry; that is, without a license. According to appellant's testimony when arrested he advised the sheriff that he could and would make satisfactory and solvent bond for his appearance to answer the accusation, and demanded that the sheriff furnish him bond for that purpose. The sheriff advised appellant he did not have a bond and appellant would have to accompany him to Red Oak in order to get one. Protesting, appellant did go with the sheriff to Red Oak where he again renewed his request and was by the sheriff informed that a bond could not be secured at Red Oak and required appellant to go to Waxahachie where he said bond could be secured. Arriving at the jail in Waxahachie appellant again importuned the sheriff to permit him to make bond and insisted that if the sheriff would accompany him to the courthouse or business section of the city he could and would readily furnish bail, but that the sheriff refused his request and incarcerated him in jail where he was compelled to remain four days.

Appellee Wilson's testimony tended to show that when he arrested appellant, who was in the country at the home of one Tobe Pitts, he had blank bonds with him, and when advised by appellant that Pitts would sign his bond as surety awaited the return of Pitts, who was in his field, but that when Pitts arrived he declined to sign his bond. Appellant then said that E. H. Goodloe of Red Oak would sign his bond, but on arriving at said place and finding Goodloe he also refused to sign the bond. Because of the refusal of Pitts and Goodloe to sign the bond appellee drove with appellant to Waxahachie and locked him in jail. At that time appellant requested appellee to send him a lawyer and to see T. J. Cole and Sid Farrar, who appellant said would sign his bond. Appellee advised Attorney Bowd Farrar that appellant desired to see him, and while on his way

from the jail to his office met Sid Farrar, who declined to sign the bond, and as soon as he reached his office phoned T. J. Cole, who also refused to sign the bond. Jim Ham corroborated appellee as to what took place when appellant was arrested and at Red Oak. Pitts, Goodloe, Cole, and Farrar corroborated appellees in respect to their refusal to sign the bond.

Upon the facts so related the trial judge instructed the jury, in substance, that after appellant was taken into custody it was the duty of the sheriff to allow appellant reasonable time within which to procure bail before incarcerating him in jail, and if they believed the sheriff failed to do so and that appellant wished to and was able and could and would have furnished bail had reasonable time been allowed, to find for appellant, etc. Appellant, in the manner directed by statute, objected to the court's charge, in that it omitted to "instruct the jury that it was the duty of the sheriff to fix the amount of the appearance bond and prepare the same in accordance with the law * * * and give the plaintiff a reasonable opportunity to execute same." The objection was overruled, to which appellant excepted. The action of the court in the respect stated is the basis of the first assignment of error. The effect of the objection, it will be noted, is to make it the duty of the arresting officer, not only to allow a reasonable time within which to give bail, but to prepare and furnish the bond in any event.

Articles 336, 518, C. C. P., authorize peace officers in term time or vacation to take bail bonds of defendants when in custody. The precise duties of the officer in such cases are not defined by the articles cited. Appellant argues, however, that articles 343, 345, C. C. P., which have particular reference to bail on examining trials, are applicable to peace officers in such cases. These articles provide in substance and effect that reasonable time shall be given the accused to procure security, and when the accused is ready to give bail the magistrate shall prepare a bond or cause it to be prepared, etc. It is said the articles cited apply because of article 322, C. C. P., which, in substance, provides that all rules laid down in chapter 5, of which all the articles cited are a part, shall apply in every case where authority to allow bail is given court, judge, magistrate, or other officer. Without determining the precise point, it may be conceded for the time that said articles do apply, and that it is in every case the duty of the peace officer to prepare and furnish the bond, yet at the same time we are constrained to hold that the facts in the instant case did not warrant the charge demanded.

Accepting as true, as it is our duty to do, the evidence of appellant on the issue presented, it fails to show that he was ever ready to give the security, and as a consequence the necessity of preparing and furnishing the bond never arose, and appellant as a further consequence was not incarcerated in jail because of appellee's failure to prepare and furnish bond, but because of his unreadiness to give security. Appellant does not testify that he was ready to give bond and was prevented from doing so by appellee's failure to prepare and furnish same. His evidence most favorably construed is that because the sheriff was not ready with a bond he did not produce the security. While we have conceded it to be the duty of the sheriff under the facts recited to prepare and furnish bond, and while we believe that ought to be his duty, at the same time the performance of that duty in advance of a readiness to give security ought not alone constitute a ground of recovery. Appellant, it is to be noted, according to his own version of the matter, did not produce or give the name of any person who would have signed his bond. To be considered in that connection is the evidence of the sheriff and the several corroborating witnesses to the effect that appellant did name several who would sign his bond, but that those so named upon request thereof refused to go his security, the verity of which statement appellant did not deny. The accusation against appellant, it appears, was wholly unwarranted, and must have been the result of nearly inexcusable negligence, yet at the same time it is to be remembered that the sheriff was acting in obedience to legal process which it was his duty to obey, and that his liability is to be grounded upon his actions in respect to its enforcement rather than any lack of justification for its issuance.

The conclusions reached with reference to the foregoing issue render it unnecessary to discuss the other points presented, and they are accordingly overruled.

The judgment is affirmed.