CHARLES E. DONLAN *vs.* CITY COUNCIL OF BOSTON.

Suffolk.   March 9, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, CARROLL, & JENNEY, JJ.

*Writ of Prohibition. Jurisdiction. Municipal Corporations,* Officers and agents. *Veteran.*

The writ of prohibition will not issue to restrain a court or tribunal which has jurisdiction of a matter or cause which it proposes to determine.

Error of procedure cannot be restrained by a writ of prohibition if the tribunal sought to be restrained is proceeding within its jurisdiction.

St. 1919, c. 150, § 6, does not make it a condition precedent to a hearing under R. L. c. 19, § 23, as amended by St. 1910, c. 500, of charges alleged as a reason for the removal from office of a veteran in the employ of the city of Boston, that the veteran first shall choose whether the charges shall be heard by the city council or by the head of his department.

The city council of Boston has full jurisdiction to hear charges preferred against the superintendent of the Boston almshouse and hospital seeking his discharge, which were made by persons purporting to act as the board of infirmary trustees and were given to the mayor of the city, who forwarded them to the council with a recommendation that the council " consider the imperative necessity of taking immediate action under R. L. c. 19, § 23, and amendments thereto."

PETITION, filed on May 7, 1920, for a writ of prohibition restraining the respondents from continuing to hear charges against the petitioner, a veteran within the meaning of St. 1919, c. 150, § 6, employed by the city of Boston as superintendent of the Boston almshouse and hospital.

The petition was heard by *Pierce,* J., upon an offer by the petitioner of proof of facts, which, without objection by the respondents, were found by the single justice to be admitted and proved.

It appeared that charges preferred by a board, purporting to act as the board of infirmary trustees, were referred to the mayor

of Boston, who transferred them to the city council with a recommendation that the council "consider the imperative necessity of taking immediate action under R. L. c. 19, § 23, and amendments thereto."

Certain requests for rulings were denied, the petition was dismissed; and the petitioner alleged exceptions.

St. 1919, c. 150, § 6, reads as follows: "A veteran who is removed, suspended or lowered in rank or compensation, and a veteran whose office or position is abolished shall have the benefit and protection of the provisions of section twenty-three of chapter nineteen of the Revised Laws, as amended, and of. the provisions of chapter two hundred and forty-seven of the General Acts of nineteen hundred and eighteen, whether such veteran is appointed under the civil service or otherwise, and he may pursue his remedy under either or both of said acts."

*J. Lundy,* (*G. E. O'Brien* with him,) for the petitioner.

*A. D. Hill,* (*S. Silverman* with him,) for the respondents.

CARROLL, J. This is a petition for a writ of prohibition to restrain the respondents as members of the city council of the city of Boston from continuing to hold a hearing upon charges against the petitioner, an employee of the city of Boston and a veteran within the meaning of St. 1919, c. 150, and to prohibit the respondents from making any finding or decision upon said charges. At the hearing before the single justice the petitioner made an offer of proof, the respondents not contesting the facts therein set forth. The single justice found the facts as stated in the offer to be admissible and proved, and ruled that the petition could not be maintained, denied the writ of prohibition, and refused the rulings requested by the petitioner.

The petitioner, a veteran of the World War, was for several years in the employ of the city of Boston as superintendent of the Boston almshouse and hospital which was under the control of the board of infirmary trustees.

It is well settled that the extraordinary writ of prohibition will not issue, to restrain a court or tribunal which has jurisdiction of a matter or cause that it proposes to determine. It is granted, to restrain the tribunal from wrongfully assuming jurisdiction; and it lies only for the purpose of preventing a clear excess of jurisdiction where there is no other adequate remedy. Errors of pro-

cedure cannot be restrained by this writ, if the tribunal is proceeding within its jurisdiction. *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, 82, and cases cited.

R. L. c. 19, § 23, as amended by St. 1910, c. 500, provides that no veteran who holds an office or employment in the public service of the Commonwealth, or of any city or town therein, shall be removed or suspended, or without his consent be transferred from such office or employment; nor shall his office be abolished; nor shall he be lowered in rank or compensation except, after a full hearing of which he shall have at least seventy-two hours, written notice with a statement of the reasons for the contemplated removal, suspension, transfer, lowering in rank or compensation or abolition. The hearing is to be held before the State Board of Conciliation and Arbitration if the veteran is a State employee; before the selectmen of the town if the veteran is a town employee; and before the mayor of the city, if he is a city employee, and if the city has no board of aldermen, the hearing is to be held before the city council of the city of which he is an employee. The removal, suspension or transfer, lowering in rank or compensation or abolition of the office shall be made only upon a written order stating fully and specifically the cause thereof, to be signed by the members of the city council if the veteran is an employee of the city of Boston. By St. 1919, c. 150, § 1, the word " veteran " as used in the statute so far as material to this case, was declared to mean any person who has served in the army or navy or marine corps of the United States in time of war or insurrection and who has been honorably discharged from such service, or released from active duty therein.

Under St. 1919, c. 150, § 6, a veteran is given the benefit and protection of the provisions of R. L. c. 19, § 23, as amended, and the benefit and protection of the provisions of St. 1918, c. 247, and he may pursue his remedy under either or both statutes. St. 1918, c. 247, which provides for the removal, suspension, transfer, lowering in rank or compensation of civil service employees other than veterans, gives to the discharged employee the right to be publicly heard by the officer or board whose action affected him, and a right to bring a petition in the police, district or municipal court where he resides, praying that the action of the officer or board may be reviewed.

The petitioner contends that as he could be discharged only under the St. 1918, c. 247, or R. L. c. 19, § 23, as amended by St. 1910, c. 500, he had the right under St. 1919, c. 150, to determine whether the hearing should be held before the city council of the city of Boston, or before the officer or board whose action affected him, and as he did not make this election, the city council was without jurisdiction to hear the case. Assuming that St. 1919, c. 150, § 6, gave the petitioner the benefit of remedies provided for in R. L. c. 19, § 23, as amended and those provided for in St. 1918, c. 247, the city council was not deprived of its jurisdiction. The Legislature did not intend that the veteran must first make his election in what tribunal he is to be heard, before either the head of the department or the city council can act. The statute gave the veteran a remedy, if he was improperly or illegally removed; but it did not give him the right which might entirely prevent his removal, by giving him the power to first elect before what board or officer his case was to be heard. Construed most favorably to the petitioner, the remedy given him was not the right to elect whether he was to be heard by the head of the department or the city council; but the right to have the proceedings reviewed under St. 1918, c. 247, § 3, or to seek such relief as the law gave him under R. L. c. 19, § 23, as amended. We think it clear that the city council had full jurisdiction in the cause; and the writ of prohibition was denied properly.

The petitioner asked for certain rulings which had reference to the legal existence of the board of infirmary trustees, that the members named did not constitute the board, that the charges were not specific and the investigation went beyond the scope of the charges, and that the members of the council proceeded without a full membership being present. All these requests were denied properly. The claims of the petitioner did not affect the jurisdiction of the city council, and even if there were errors in the procedure, this is not a sufficient reason that a writ of prohibition should issue. *Welch* v. *Fox,* 205 Mass. 113. *Ashley* v. *Three Justices of the Superior Court, supra.*

*Exceptions overruled.*