**BRANCH v. GUINN et al.   (No. 8220.)**

(Court of Civil Appeals of Texas.   Galveston. May 25, 1922.)

**1. False imprisonment ☞8 — Imprisonment without opportunity to give bond actionable.**

A sheriff making an arrest on a warrant in a felony case violates Code Cr. Proc. 1911, arts. 280, 336, and 338, and is guilty of false imprisonment if he refuses accused an opportunity to make bond and does not carry him before a magistrate, but puts him in jail and keeps him there until the next day.

**2. Sheriffs and constables ☞157(4)—Sureties on bond of sheriff liable where sheriff liable for false imprisonment.**

Where a sheriff arrested a prisoner on a warrant charging him with committing a felony, and put him in jail, without taking him before a magistrate, and prevented his giving bond, his conduct rendered the sureties liable on his official bond, being a failure to faithfully perform the duties of his office.

**3. False imprisonment ☞30—Defective warrant admissible in evidence on question of damages.**

A warrant, though defective under Code Cr. Proc. 1911, art. 266, in failing to state the crime with which plaintiff was charged, is admissible in evidence on the question of exemplary damages for false imprisonment to show good faith of the defendant officer and absence of malice in making the arrest.

Appeal from District Court, Anderson County; W. R. Bishop, Judge.

Action by G. N. Branch against D. H. Guinn and others. From judgment for defendants, plaintiff appeals. Reversed and remanded.

Adams & Adams, of Crockett, and W. R. Petty, of Palestine, for appellant.

A. G. Greenwood, Clay Cotten, and E. V. Swift, all of Palestine, for appellees.

PLEASANTS, C. J. This suit was brought by appellant against D. H. Guinn, sheriff of Anderson county, and his official bondsmen, to recover damages for the alleged unlawful arrest and imprisonment of appellant by the appellee sheriff.

[1] Plaintiff's petition contains the following allegations:

"That on or about May 18, 1917, the said Guinn, acting in his official capacity as sheriff, without any warrant and without any cause arrested this plaintiff and placed this plaintiff in the jail of the county, in Palestine, Tex., refusing to inform plaintiff why he was arrested and put in jail.

"That plaintiff was in the city of Palestine when arrested, and was amply able to give any bond which the law would require of him, and requested the privilege of communicating with his friends in Palestine in order to find out what he was charged with, and to give bond and be released from jail, which privilege said Guinn refused to grant, and refused, though plaintiff requested it, to let plaintiff's friends know of his position, so that he could give bond and be released. * * *

"And plaintiff shows that at the time of his arrest and incarceration there was no criminal charge of any kind pending against him, and that he had committed no criminal act of any kind, which said sheriff well knew.

"And plaintiff shows that said Guinn, at the very time he arrested him, called plaintiff a perjurer, and threatened to slap plaintiff's face, and used abusive and threating language

to plaintiff, charging plaintiff with perjury and burglary.

"Plaintiff says that he has always lived an upright, honest life; that his reputation among his neighbors and people with whom he did business and associated was good in all respects, and that these acts of said Guinn have charged upon plaintiff unjustly criminal acts, which, if true, would destroy his character; that he was imprisoned in the common jail as a felon, when he was absolutely guilty of no offense; that he was caused physical suffering and mental suffering because of such imprisonment, lost his time, and was put to great inconvenience and trouble, to his actual damage of $5,000."

It is further alleged that the acts and conduct of the sheriff and his treatment of plaintiff, as before set out, were oppressive and malicious and entitle plaintiff to recover the further sum of $5,000 as exemplary damages.

The answer of defendant specially denied the allegations of the petition that plaintiff was arrested without a warrant, and without any just cause, and was abused and mistreated; and avers that plaintiff was arrested under a capias issued by the justice court of precinct No. 1 of Anderson county, in which court plaintiff, as stated in the capias, was charged with a felony; that plaintiff was informed of the charge upon which he was arrested at the time he was placed in jail; and that the defendant sheriff and his deputies denied plaintiff none of the privileges or courtesies demanded by him.

The trial in the court below resulted in a verdict and judgment in favor of the defendants.

The evidence show that appellee Guinn was the sheriff of Anderson county on the 18th day of May, 1917, and that the other appellees were sureties on his official bond. On the date mentioned, Guinn made the following complaint against the appellant in the justice court of precinct No. 1 of said county:

"State of Texas, County of Anderson.

"In Justice's Court, Precinct No. 1.

"In the Name and by the Authority of the State of Texas:

"Before me the undersigned authority, a justice of the peace in and for said county, this day personally appeared D. H. Guinn, who, being duly sworn, says that he is informed, had good reason to believe, and does believe, and so charges, that in said county of Anderson, state of Texas, on or about the 15th day of April, 1917, and anterior to the filing of this complaint, G. N. Branch did unlawfully by force and threats and fraud and at night burglariously and fraudulently break and enter a house then and there in the possession of D. H. Guinn without the consent of the said D. H. Guinn fraudulently to take, steal and carry away from and out of said house the corporal personal property then and there in said house in possession of the said D. H. Guinn from the possession of said D. H. Guinn of the value thereof and with the intent to appropriate the same to the use and benefit of him, the said G. N. Branch, and against the peace and dignity of the state.                    D. H. Guinn.

"Sworn to and subscribed before me, this 18th day of May, 1917. W. O. Vandiver, Justice of the Peace, Precinct No. 1, Anderson County, Texas.

"No. 2022 Affidavit.    The State of Texas v. G. N. Branch.

"Filed 18th day of May, 1917. W. O. Vandiver, Justice of the Peace, Precinct No. 1, Anderson County, Texas."

Upon this complaint the justice issued and delivered to Guinn the following capias:

"The State of Texas, County of Anderson.

"In Justice's Court, Precinct No. 1.

"To the Sheriff or Any Constable of Anderson County, Greeting:

"You are hereby commanded to take the body of G. N. Branch, and safely keep, so that you have him before me, W. O. Vandiver, justice of the peace, precinct No. 1, in and for said county and state, in my office in Palestine, on the ——— day of May, 1917, to answer the state of Texas on a charge by Aff. filed in said court, wherein said defendant is charged with the offense of a felony. Herein fail not, but due return make hereof as required by law.

"Witness my official signature at my office in ——— this 18th day of May, 1917. W. O. Vandiver, Justice of the Peace, Precinct No. 1, Anderson County, Texas."

The evidence is conflicting upon the question of whether this complaint was made and capias issued before the arrest of the plaintiff, but there is evidence to sustain the finding that the capias was issued prior to the time he arrested the plaintiff, and that he informed plaintiff at the time he made the arrest that he had a warrant for his arrest upon a charge of burglary.

The arrest was made between 3 and 4 o'clock in the afternoon of May 18, 1917. When arrested plaintiff was in the courthouse, having just come out of the grand jury room. He was not taken before the justice of the peace, but carried at once to the jail and confined there, and was denied any opportunity to arrange for the return home of his family whom he had brought to town with him that day in his wagon. Mr. Keeland, a friend of the plaintiff, upon hearing of his arrest, went to the sheriff and asked if the plaintiff would be allowed to make bond, and was told by the sheriff that it was "not a bondable case." The plaintiff himself made no demand on the sheriff or his deputies to prepare a bond for him to have filled. He made request to have Mr. Campbell or Mr. Sewell, lawyers of Palestine, notified that he was in jail and wanted the assistance of a lawyer, and upon being told that Mr. Campbell was out of town and Mr. Sewell sick, he asked that Mr. Greenwood be sent for and was informed he was also out of town. He testified that the officers in charge of the

jail would not let his friends see him; that one of ·his friends, Mr. Kimball, came near the jail that evening and called to him and asked him what he was doing in there, and he replied that he did not know, and asked him to tell Judge Barton to come to the jail. Judge Barton came to the jail the next day about 2 o'clock, p. m., and secured bail for him, and he was released that evening.

The plaintiff requested the court to give the jury the following instruction:

, "If the sheriff had a warrant and refused Branch an opportunity to make bond, and did not carry Branch before the magistrate who had issued the warrant, but put him in jail and kept him there until the next day, and did not give him an opportunity to make bond, then these facts would make the sheriff guilty of falsely imprisoning Branch."

We think this requested charge correctly presented an issue raised by the pleadings and evidence, and should have· been given. Article 280 of our Code of Criminal Procedure provides:

"The officer, or person executing a warrant of arrest, shall take the person whom he is directed to arrest forthwith before the magistrate who issued the warrant, or before the magistrate named in the warrant."

The manifest purpose of the statute in requiring the officer to take the accused forthwith before the magistrate is to give him an opportunity to make bail if the case .is a bailable one, and it is clearly an invasion of the rights of the accused to deny him this opportunity.

The statutes ·further provide that in felony cases, if the court in which the case is pending is not in session, and in all misdemeanor cases, the officer making the arrest may take bail in such amount as he may consider reasonable. Articles 336 and 338, Code of Criminal Procedure.

By these statutory provisions it was made the duty of the appellee Guinn, when he arrested the plaintiff, to either forthwith take him before the justice of the peace who issued the warrant so that the amount of bail could be fixed by the magistrate, or to allow the plaintiff to make bail in an amount considered reasonable by said appellee. The undisputed evidence shows that. plaintiff was not taken before the magistrate, and upon the testimony of plaintiff's witness Keeland the jury might have found that the sheriff .refused to allow plaintiff to give bail.

[2] If the jury should have so found, it is clear that appellee Guinn would be liable to the plaintiff for any damages thereby caused him, and we think such dereliction of duty on the part of the sheriff would be official misconduct for which the sureties on his official bond should be held liable. If Guinn had legally arrested the plaintiff, as is appellees' claim his official duty required him to take him before the magistrate, or to himself fix the amount of bail and give plaintiff the opportunity to make bond, and if he failed to do this, he failed "to faithfully perform the duties of his office," and by the express obligations of his official bond his sureties became liable for any damages thereby sustained by the plaintiff. Maddox v. Hudgeons, 31 Tex. Civ. App. 291, 72 S. W. 414; Roberts v. Brown, 43 Tex. Civ. App. 206, 94 S, W. 388; Russey v. Wilson (Tex. Civ. App.) 202 S. W. 974; King v. Brown, 100 Tex. 113, 94 S. W. 328; Heidenheimer v. Brent, 59 Tex. 534.

[3] Appellant's assignment of error complaining of the admission in evidence of the warrant of arrest before set out, over plaintiff's objection that the warrant was void in that it failed to state the offense against the laws of this state of which plaintiff was accused, cannot be sustained. We agree with the appellants that the warrant is insufficient in the respect stated under the provisions of article 266 of our Code of Criminal Procedure. It is not a compliance ·with this statute for the warrant to state that the accused is charged with a felony. The term "felony" is descriptive of any offense punishable by confinement in the state penitentiary, but when one is charged with a crime complaint or indictment must show the exact offense against the law of which he is accused, and the warrant of arrest must inform the accused of the particular offense with which he is charged. It may be that such a warrant should be held void and the arrest of the plaintiff thereunder illegal, but it was nevertheless admissible in evidence on the question of exemplary damages to show the good faith of the sheriff and· the absence of malice.

Other questions presented by appellant's. brief need not be discussed.

We have considered all of the remaining assignments of error, and none. of them should, in our opinion, be sustained.

For the error in refusing the special instruction before discussed, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.