# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

DAVID GOULIS *vs.* JUDGE OF THIRD DISTRICT COURT OF
EASTERN MIDDLESEX.

Suffolk.   November 20, 1922. — June 20, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & PIERCE, JJ.

*Intoxicating Liquor.   Jurisdiction.   District Court.   Writ of Prohibition.*

Under the U. S. Rev. Sts. § 1014, and Title II, § 2 of the national prohibition
act, 41 U. S. Sts. at Large, 308, a judge of a district court of this Common-
wealth at his option has jurisdiction to act as a magistrate committing
for hearing before the United States District Court of the District of Massa-
chusetts one charged with the unlawful possession of intoxicating liquors
in violation of Title II, § 25 of the act.

Such exercise of jurisdiction by a judge of a district court of the Commonwealth
is not contrary to any provision of the Constitution or of any statute of
the Commonwealth, is not contrary to public policy and is within the scope
of art. 18 of the Amendments to the Federal Constitution.

The words of U. S. Rev. Sts. § 1014, as applied to a judge of a district court
of this Commonwealth exercising his option to assume jurisdiction within
its terms, do not mean that the judge must make an arrest in person, but
their requirement is that, in exercising such jurisdiction, he shall cause the
arrest to be made according to the usual forms of procedure and methods
employed in this Commonwealth, under which his functions are the issuance
of a warrant upon complaint duly made and the conducting of a hearing to
determine whether there is just cause for holding the accused for trial before
the federal court.

The District Court of the United States for the District of Massachusetts is
the federal court to which one held by a judge of a district court of the
Commonwealth under U. S. Rev. Sts. § 1014, for a violation of the federal
prohibition act should be committed for trial.

A judge of a district court of this Commonwealth, who has heard a complaint against one charged with keeping and exposing intoxicating liquors for sale unlawfully and has ordered returned certain liquors, whose seizure upon a search warrant formed the basis of the charge against the defendant, has jurisdiction, upon a complaint being made before him by a federal prohibition agent for violation of the federal prohibition act and upon such agent's application that the liquors be held for the federal government, to change his mind and to revoke his former order of return; and the correctness of such final decree is not open on a petition for a writ of prohibition to prevent him from carrying it out.

The writ of prohibition does not issue for the correction of erroneous decisions by a court acting within its jurisdiction, but only to restrain excess of jurisdiction.

PETITION, filed on March 3, 1922, for a writ of probihition prohibiting and enjoining the justice of the Third District Court of Eastern Middlesex from removing beyond the jurisdiction of the courts of this Commonwealth an application for a warrant for violation of the federal prohibition act and from transmitting the papers and records of that cause to the United States District Court for the District of Massachusetts, and directing the revocation of an order of that judge that certain liquor be held for the United States District Court for the District of Massachusetts and that the judge " be prohibited and enjoined from taking any further action in the premises . . . until a determination shall be made by this court of his jurisdiction to act in the same premises."

The petition was heard by *Carroll*, J., upon an agreed statement of facts. Material facts are described in the opinion. The single justice ordered the writ to issue as prayed for and reported the case for determination by the full court.

The case was submitted on briefs.

*H. A. Leventhal*, for the petitioner.

*H. Caverly*, for the respondent.

RUGG, C.J. This is a petition for a writ of prohibition against the respondent, who is the justice of the Third District Court of Eastern Middlesex. Complaint was made before said court on February 9, 1922, charging the present petitioner with keeping and exposing intoxicating liquor with intent to sell contrary to the laws of this Com-

monwealth.   On trial he was found not guilty and order was made to return to him liquor seized from him on search warrant and presented as evidence.   Thereafter on February 24, 1922, complaint was made by a federal prohibition agent to the respondent charging the petitioner with violation of § 25, Title II, of the Act of Congress of October 28, 1919, c. 85, 41 U. S. Sts. at Large, 315, known as the national prohibition act, namely, the unlawful possession of intoxicating liquors, a crime under the laws of the United States but not a crime under the laws of this Commonwealth. A warrant issued on that complaint and the petitioner was brought before the respondent.   Motion to dismiss the complaint was denied and, after hearing, the respondent found that there was probable cause to believe that the then defendant, the present petitioner, had violated the law of the United States as charged in the complaint, and held the defendant on bail for his appearance before the United States District Court for the District of Massachusetts; but proceedings were stayed in order to enable the defendant, petitioner here, to pursue any remedy to test the validity of the acts of the respondent, who purposes unless otherwise ordered to prepare papers for transmittal to the said United States District Court.

The respondent assumed that he had jurisdiction to act by virtue of authority conferred upon him by U. S. Rev. Sts. § 1014, which is as follows: " For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any commissioner of a circuit court to take bail, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any State where he may be found, and agreeably to the usual mode of process against offenders in such State, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense.   Copies of the process shall be returned as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their

appearance to testify in the case. And where any offender or witness is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where such offender or witness is imprisoned, seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had." That section is made applicable to the enforcement of the national prohibition act by its express terms in Title II, § 2, 41 U. S. Sts. at Large, 308.

The respondent does not contend that the laws of this Commonwealth authorize the action taken by him. His position is that, being a judge of a district court of this Commonwealth, he was clothed with authority to do that which he did by the section of the federal statute already quoted. That section was first enacted by U. S. St. 1789, c. 20, § 33, and has been in force continuously since then. Its scope and meaning are within the final jurisdiction of the Supreme Court of the United States. The general subject has several times been considered by that tribunal. It was said by Mr. Justice Story in *Prigg* v. *Pennsylvania*, 16 Pet. 539, at page 622: " As to the authority so conferred upon State magistrates, while a difference of opinion has existed, and may exist still on the point, in different States, whether State magistrates are bound to act under it, none is entertained by this Court that State magistrates may, if they choose, exercise that authority, unless prohibited by State legislation." In *United States* v. *Jones*, 109 U. S. 513, 519, 520, a case for the assessment of damages in a State court arising from a taking by the federal government in its exercise of the power of eminent domain, is found this statement: " That government [the United States of America] can create all the officers and tribunals required for the execution of its powers. . . . Yet from the time of its establishment that government has been in the habit of using, with the consent of the States, their officers, tribunals, and institutions as its agents. Their use had not been deemed violative of any principle or as in any manner derogating from the sovereign authority of the federal government; but as a matter of convenience and as tending to a great saving of expense.

" The use of the courts of the States in applying the rules of naturalization prescribed by Congress, the exercise at one time by the State justices of the peace of the power of committing magistrates for violations of federal law, and the use of State penitentiaries for the confinement of convicts under such laws, are instances of the employment of State tribunals and State institutions in the execution of powers of the general government. At different times various duties have been imposed by acts of Congress on State tribunals; they have been invested with jurisdiction in civil suits and over complaints and prosecutions for fines, penalties, and forfeitures arising under laws of the United States. 1 Kent, 400. And though the jurisdiction thus conferred could not be enforced against the consent of the States, yet, when its exercise was not incompatible with State duties, and the States made no objection to it, the decisions rendered by the State tribunals were upheld." There was involved in *Robertson* v. *Baldwin*, 165 U. S. 275, the validity of a federal statute authorizing justices of the peace to arrest deserting seamen and deliver them on board their vessel. In upholding that statute it was said at page 279 that " Congress is still at liberty to authorize the judicial officers of the several States to exercise such power as is ordinarily given to officers of courts not of record; such, for instance, as the power to take affidavits, to arrest and commit for trial offenders against the laws of the United States, to naturalize aliens, and to perform such other duties as may be regarded as incidental to the judicial power rather than a part of the judicial power itself. This was the view taken by the Supreme Court of Alabama in *Ex parte Gist*, 26 Alabama, 156, wherein the authority of justices of the peace and other such officers to arrest and commit for a violation of the criminal law of the United States was held to be no part of the judicial power within the third article of the Constitution " of the United States. Although it was held that an arrest by the chief of police was illegal because outside the scope of the federal statute in *Dallemagne* v. *Moisan*, 197 U. S. 169, it was said at page 174: " It has long been held that power may be conferred upon a State officer, as such, to execute a duty imposed under an act of Congress, and the officer may

execute the same, unless its execution is prohibited by the constitution or legislation of the State."

The validity of said § 1014 stands on the same footing as naturalization laws of Congress conferring jurisdiction over that subject upon State tribunals, which is firmly established. *Gladhill, petitioner,* 8 Met. 168. *Stephens, petitioner,* 4 Gray, 559, 561. *County of Hampden* v. *Morris,* 207 Mass. 167. *County of Berkshire* v. *Cande,* 222 Mass. 87. *Holmgren* v. *United States,* 217 U. S. 509.

The validity of said § 1014 has been recognized in numerous decisions. *McIntosh* v. *Bullard,* 95 Ark. 227, 230. *Levin* v. *United States,* 63 C. C. A. 476, 480; 128 Fed. Rep. 826. *Roberts* v. *Brown,* 43 Tex. Civ. App. 206. *Harris* v. *Superior Court,* 51 Cal. App. 15. So far as we are aware there are no adjudications to the contrary. Reference has been made to said § 1014 in numerous decisions of United States District Courts by way of dictum as conferring jurisdiction upon State magistrates. *In re Jessie's Heirs,* 259 Fed. Rep. 694. *United States* v. *Rykowski,* 267 Fed. Rep. 866. *Ex parte Harvell,* 267 Fed. Rep. 997. *United States* v. *Borkowski,* 268 Fed. Rep. 408. *Ex parte Swift,* 276 Fed. Rep. 57.

In principle the case is somewhat analogous to legislation by Congress enabling State courts in their ordinary jurisdiction as established by State laws to take cognizance of civil actions arising under federal laws. *Keegan* v. *Director General of Railroads,* 243 Mass. 96, 99.

The respondent plainly comes within the description of State magistrates authorized to act by said § 1014.

The imperative result of all these decisions appears to us to be that a magistrate of this Commonwealth such as the respondent, while not compulsorily required, may nevertheless at his option act as a committing magistrate under said § 1014.

There is no provision in the Constitution or statutes of this Commonwealth which prevents him from so acting at his volition. It is manifest that there is nothing in the public policy of the Commonwealth which constrains him in this particular. By the Eighteenth Amendment to the Federal Constitution concurrent power to enforce its pro-

visions is conferred both upon Congress and upon the several States. The duty rests as strongly upon one as upon the other. *Commonwealth* v. *Nickerson*, 236 Mass. 281.

The words of said § 1014 do not mean that the magistrate must make the arrest in person, but that, acting according to the forms of procedure of the particular State, he shall cause the arrest to be made according to the methods usually there employed. The issuance of a warrant upon complaint duly made, and then a hearing to determine whether there is just cause for holding the accused for trial before the federal court, is the function of the committing magistrate under our criminal practice. It is ordinarily the duty of a committing magistrate to grant a hearing before holding one accused of crime to answer before the court. It is contrary to the spirit of our institutions to arrest and imprison citizens without a hearing. It was held that hearing was proper under said § 1014 in *Safford* v. *United States*, 164 C. C. A. 655, 657; 252 Fed. Rep. 471. See *Rice* v. *Ames*, 180 U. S. 371, 374, and *United States* v. *Michalski*, 265 Fed. Rep. 839. Speaking of said § 1014, Judge Hough said in *United States* v. *Maresca*, 266 Fed. Rep. 713, 720, that it conferred " the power of ordering arrests and holding the accused to prison or bail. This is the essence of magistracy, and the power to commit implies and includes the power to examine and discharge." It was said in *United States* v. *Dunbar*, 27 C. C. A. 488, 492: " The purpose and effect of the use by Congress of the words in the foregoing provision [§ 1014 of Rev. Sts. of U. S.], 'agreeably to the usual mode of process against offenders in such State,' was to assimilate all the proceedings for holding accused persons to answer before a court of the United States to the proceeding had for similar purposes by the laws of the State where the proceedings should take place. A United States commissioner, acting under this statute, is simply a committing magistrate." It is to be noted that the respondent did not undertake to pass upon the guilt or innocence of the accused, but merely conducted a preliminary examination with a view to holding him to answer for the crime charged before the court having cognizance thereof. *Cohen* v. *United States*, 130 C. C. A.

417, 420.   It has been held uniformly by the United States courts that the procedure under said § 1014 must follow in general that prescribed by the State statutes.   *United States* v. *Ewing,* 140 U. S. 142.   *United States* v. *Patterson,* 150 U. S. 65, 67.   *United States* v. *Mace,* 281 Fed. Rep. 635.

It was the duty of the respondent acting under said § 1014, if he found probable cause, to hold the accused for trial before the United States District Court for the District of Massachusetts.   That is the only " such court of the United States as by law has cognizance of the offense " of criminal violations of the national prohibition act.   The Judicial Code of the United States, § 24, cl. 2.   Act of Congress of March 3, 1911.   36 U. S. Sts. at Large, 1091.

The respondent also vacated the order that liquors seized on search warrant be returned to Goulis, and on claim filed by the federal prohibition agent for the possession of said liquors in behalf of the United States, after hearing ordered said liquors to be turned over to the United States of America. It was the duty of the respondent to determine whether the seized liquor was kept or deposited for sale contrary to law, and if it was not, to order the officer having custody thereof to return it " to the place as nearly as may be from which it was taken, or to deliver it to the person entitled to receive it."   G. L. c. 138, § 70.   The judge had jurisdiction upon the facts shown to change his mind, to revoke his earlier decision, and to make a different order.   *Commonwealth* v. *Weymouth,* 2 Allen, 144.   *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31.   Whether he was right or wrong in his final decision is not open to inquiry in this proceeding. No intimation is made on that point.   The writ of prohibition does not issue for the correction of erroneous decisions by a court acting within its jurisdiction, but only to restrain excess of jurisdiction.   *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, 82, and cases there collected.   *Donlon* v. *City Council of Boston,* 238 Mass. 557.   *Ex parte Chicago, Rock Island & Pacific Railway,* 255 U. S. 273, 275, 280. Whatever error in fact or in law has been committed in this respect can be corrected by appeal to the Superior Court from the order finally made.   G. L. c. 138, § 73.

*Petition dismissed.*