BOX, Sheriff, v. FLUITT.

No. 1090.

Court of Civil Appeals of Texas. Waco.

March 17, 1932.

T. L. Tyson, of Franklin, for appellant.

Seale & Seale, of Centerville, for appellee.

BARCUS, J.

Appellee instituted this suit against appellant, who was sheriff of Robertson county, and the sureties on his bond, to recover damages for false imprisonment. The trial court sustained an exception and the suit was dismissed as to the sureties, about which no complaint is made.

The material facts show that in February, 1930, a store was burglarized in Robertson county. A few days thereafter Luther Guynes, the deputy sheriff, received information which caused him to suspicion appellee, who lived in Leon county, as the party who committed the crime. He went to Leon county and with the assistance of the deputy sheriff there, about 1 o'clock at night, without any warrant therefor, arrested appellee at the home of his kinsmen near Marquez, and over appellee's protest and vehement denial of any connection with the burglary, carried him to Franklin in Robertson county and placed him in jail about 3 o'clock in the morning, where he was confined until about 12 o'clock noon the same day, when he was released. No complaint was ever filed against appellee and no warrant was issued for his

arrest. Appellant at said time as sheriff of Robertson county was living at the jail and acting as jailer for said county. About 7 or 8 o'clock in the morning after appellee was placed in jail, appellant learned that appellee was in jail and ascertained the facts relative to his arrest and the reasons therefor. Appellee's father attempted to have appellee released, and the sheriff refused to do so until about noon, having kept appellee in jail about nine hours and about four hours after he learned the facts. Appellee was about twenty-one years of age and had lived with his father near Marquez for several years. At the time of his arrest he was asleep at the home of his kinsmen near his father's place. When the officers went to his father's home they were told where appellee was.

In answer to issue No. 1, the jury found that at the time Luther Guynes arrested appellee, he did not have reason to believe from credible testimony that a felony had been committed in Robertson county, that appellee was the offender, and was about to escape. In answer to issue No. 2, it found that appellant did not discharge appellee from jail as soon as he learned the particulars of his arrest and incarceration and learned that no warrant had been issued for appellee's arrest. In answer to issue No. 4, it found that $50 would compensate appellee for any physical pain he suffered and any discomfort while in jail by reason of his arrest. The jury made other findings not necessary to state. Based on said findings the trial court entered judgment for appellee against appellant for $50.

▪ By its first and second propositions, appellant complains of the action of the trial court in failing to instruct the jury, in connection with issue No. 1, what facts authorized an officer to arrest a party and because said issue was duplicitous. We overrule these propositions. Under the jurys' findings on other issues, the question as to whether the deputy sheriff was justified in arresting appellee without a warrant became and is immaterial. We think, however, the charge is not subject to the objections urged. The question as submitted follows strictly the language of article 215 of the Code of Criminal Procedure, which states that: "A peace officer is authorized to make an arrest without a warrant upon the representation of a credible person that a felony has been committed and that the offender is about to escape." In this case appellee did not recover for any damage that he may have suffered by reason of the arrest by the deputy sheriff. He only recovered damages he suffered while confined in jail.

▪ By his propositions 3 and 4, appellant contends that special issue No. 2 submitted by the court was erroneous in that

it is too restrictive and because it placed a greater burden on the sheriff than the law requires, and because same is multifarious. We overrule these propositions. The law seems to be well settled that false imprisonment whether committed by an officer or a private citizen is a tort both under article 1169 of the Penal Code as well as under the common law. McBeath v. Campbell (Tex. Com. App.) 12 S.W.(2d) 118. The law is equally well settled that where a peace officer, without any warrant therefor, arrests a party and places him in jail, or where the peace officer in charge of the jail learns that a party is incarcerated therein without any warrant and he refuses to discharge him, same constitutes as a matter of law a false imprisonment and he thereby becomes liable for such damages as the prisoner may suffer by reason of said incarceration. Gold v. Campbell, 54 Tex. Civ. App. 269, 117 S. W. 463; McBeath v. Campbell, supra; Roberts v. Brown, 43 Tex. Civ. App. 206, 94 S. W. 388; McDonald v. Henderson (Tex. Civ. App.) 250 S. W. 463; Chicago, Rock Island & G. Ry. Co. v. Neubert (Tex. Civ. App.) 248 S. W. 139 (error dis.). As a matter of fact, the record shows without dispute that appellant learned the particulars of the arrest and incarceration of appellee about 7 or 8 o'clock in the morning and that he did not discharge him for some four hours thereafter, although appellee's father and attorneys were insisting on his release during all of said time.

▪▪ By propositions 5 and 6 appellant complains of the submission by the court as to the amount required to compensate appellee for any physical pain or suffering, and any discomfort while in jail by reason of the arrest; his contention being that there is no pleading to support said issue, and further that said issue is on the weight of the evidence, in that it assumes appellee did suffer physical pain and discomfort. We overrule these propositions. Appellee alleged specifically that he suffered physical pain and discomfort while in jail. Under the facts in this case, we think as a matter of law appellee was illegally restrained of his liberty. He was arrested in Leon county without any warrant. The officer making the arrest did not, as required by article 217 of the Code of Criminal Procedure, carry him before a magistrate. Appellant as sheriff of Robertson county, when he learned the facts, refused to release appellee and did not file or cause to be filed any complaint and admittedly held appellee in jail without any warrant and in violation of article 1169 of the Penal Code. The law relative to the rights of a peace officer to make an arrest without a warrant, and to thereafter hold the party in jail without any complaint being filed against him and his liability for failure to release the prisoner after he has ascertained the facts, are all fully and ably dis-

cussed by Judge Critz in the case of McBeath v. Campbell, supra, and by Judge Neill in the case of Gold v. Campbell, supra. Nothing could be added to what is said in those opinions.

We have carefully examined all of appellant's assignments of error and propositions thereunder, and same are overruled.

The judgment of the trial court is affirmed.