Rowe, J.
The case now comes before us on the defendant’s motion for a new trial. The trial judge denied the motion and also th'e defendant’s ten requests for rulings of law in connection therewith, and the defendant claims to be aggrieved thereby. The. motion was filed after rescript from the Supreme Judicial Court in Baker v. Davis, Mass. Adv. Sh. (1938) 237 which is the instant case and also a companion case.
The whole trouble in the case at bar, as the defendant frankly admitted in the oral argument before us, arose because he did not word his requests for rulings at the original trial in such a way as to properly protect him on the point he desired to raise, namely that in this accident case there was no evidence of negligence on the part of the defendant.
*205 The ease is an action of tort in which the plaintiff seeks to recover consequential damages as the result of personal injuries received by his minor son, due to the alleged negligence of the defendant. This case was tried together with the companion case of the minor son against this defendant seeking to recover for personal injuries.
The trial judge found for the plaintiff in each case. The Appellate Division decided that there was error on the part of the trial judge and ordered judgment for the defendant in each case. The Supreme Judicial Court ordered “that in the case brought by the minor plaintiff the order of the Appellate Division must be affirmed, but that in the case brought by the father of the minor plaintiff the order of the Appellate Division must be reversed and an order entered dismissing the report.” Baker v. Davis, Mass. Adv. Sh. (1938) 237, @ p. 241.
Altho the result of these two cases, tried together is that in the principal case, that of the minor son, he cannot recover as matter of law, while the father can recover in his case for consequential damages, that result is due solely because the defendant did not present proper requests for rulings in the father’s case so as to present the question which was finally decided adversely to the son in his case, namely that there was no negligence by the defendant.
While in the son’s ease the defendant properly protected himself by requests for rulings to the effect that there was no negligence on the part of the defendant, in the father’s case he made the following requests: “1. The plaintiff in this action cannot recover unless his son Ernest Baker, Jr. (the plaintiff in the companion case) recovers in his suit for injuries against the same defendant. 2. The plaintiff in this action cannot recover unless the court finds that Everett Baker, Jr. was in the exercise of due care and that the defendant was negligent at the time of the alleged acci *206 dent.” The trial judge granted these requests and found for the plaintiff, thereby finding negligence on the part of the defendant.
It will be observed that there was no request for ruling in the instant case to the effect that there was no evidence of negligence on the part of the defendant, and the omission of the defendant to protect himself by making such request has resulted in the situation in which the defendant now finds himself.
The defendant is correct in his statement that the trial judge found for the plaintiff on facts which in the companion case of the son, it has now been finally determined that as matter of law there was no negligence on the part of the defendant. But the reason of the difference in the results of the two cases, as above stated, is the failure of the defendant to request that in the instant case there was no negligence as matter of law.
The defendant in his argument before us has contended, among other things that owing to the above decision of the Supreme Judicial Court in the son’s case, there ought now to be a finding entered for the defendant in the father’s case. We consider the question before us on the basis of that contention. The case comes before us at this time in the form of the defendant’s motion for a new trial. From the defendant’s argument we understand that he considers the present motion as a move of last resort to obtain a finding for the defendant. Altho couched in words requesting a new trial, a new trial is not what he wishes. What he does desire is that a finding be entered for defendant upon the evidence now in the case, with both sides having rested.
There was no error by the trial judge in the denial of the defendant’s motion for a new trial. The granting of such a motion is a matter of discretion. Davis v. Boston Elevat *207 ed Railway, 235 Mass. 482, and it is only an extraordinary ease that the trial judge’s decision will be reversed. Menici v. Orton Crane & Chavel Co., 285 Mass. 449, 452.
Relative to the defendant’s requests for rulings of law in connection with his motion for a new trial, assuming them to be properly before us: the several requests are directed toward contradictory procedure, some of them such as the third and seventh requests in effect are directed to a new finding on the present evidence and other requests in effect bear upon granting a new trial de novo. These two sets of requests are inconsistent with each other. It has been held by the Appellate Division of the Municipal Court of the City of Boston that “if a party asks that two inconsistent rulings govern determination of his case, the judge may decline to make the selection which the party should have made and may refuse both”. Kentel v. Laidlaw, 4 A. D. R. 87. In the case at bar the trial judge could have properly denied the requests on this ground. But passing beyond the consideration of this point there would be no error.
It is manifest that on this motion for a new trial we cannot hold that requests were improperly denied which in effect ask for a new and different finding on the present evidence.
In view of some statements in the defendant’s argument, and that what he desires is a new finding upon the present evidence and had offered his present motion as a means of last resort to obtain that end, directly if possible, or by indirection by means of a new trial if that becomes a necessary means of a new finding, we do not understand that the defendant desires to press his requests for rulings directed to a new trial de novo if a finding can be entered for the defendant without such new trial. As in our opinion the opportunity for the defendant to request the trial judge to vacate his present finding for the plaintiff and make a new *208 finding for the defendant was and still is open, we need not discuss in detail the defendant’s other requests for rulings which are directed to a new trial de novo.
The trial judge has the discretionary power to vacate his finding for the plaintiff and to enter a finding for the defendant. In Goulis v. Judge of District Court, 246 Mass. 1, 8, it is said that “the judge had jurisdiction upon the facts shown to change his mind, to revoke his earlier decision and to make a different order. ” It is said in Conway v. Kenney, 273 Mass. 19, 23, “if as the judge stated, he was satisfied that his former action in allowing the interpleader was erroneous, it was within his power, before judgment, to correct the error without further hearing or notice to the parties. The language of this court in Waucantuck Mill v. Magee Carpet Co., 225 Mass. 31 at page 33, is pertinent in this connection. It was there said that ‘The power of a court is ample to correct its records so as to make them conform to the facts and to express the decision intended to be made . . . But even if there was no mistake and the final conclusion of the judge was reached simply through more mature reflection and more careful consideration, there is no error of law. The court has power to reconsider its decision on the same facts, although this is a power rarely exercised.’ ”
“If a case has not gone to judgment, a judge may reconsider a decision made by him, and if he finds that he has made an erroneous decision, he may correct the error.” Jamback v. Aamunkoitto Temperance Society, Inc., 273 Mass. 46, 50. See also Spiegel v. Beacon Participation, Inc., Mass Adv. Sh. (1937) 523, 530.
Altho the defendant may request the trial judge to vacate his finding and make a new finding the present motion cannot be construed as. such a request. If the defendant does make such request of the trial judge, we do not inti *209 mate as to whether the judge should correct his error, as that is a matter which is wholly within his discretion at any time before judgment. The defendant has now no remedy as matter of right since he did not protect his rights by a properly worded request for ruling concerning the existence of evidence of negligence.
Report dismissed.