

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL,
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 3, 1976

The Honorable James W. Smith, Jr.       Opinion No. H-856
Frio County Attorney
P. O. Drawer V                          Re:  Authority of peace
Pearsall, Texas   78061                 officer to set bail in
                                        misdemeanor cases.

Dear Mr. Smith:

You ask whether article 17.20 of the Code of Criminal Procedure, which authorizes the sheriff or other peace officer to take a bail bond in misdemeanor cases, also authorizes such officer to set the amount of the bond.

Before specifically addressing your question, it should be noted that the peace officer's authority to set the amount of bail will be significant only in limited circumstances because of several other statutory provisions. Articles 14.06 and 15.17 of the Code require the arresting officer to take the person arrested before a magistrate "without unnecessary delay." Article 6701d, section 147, V.T.C.S., contains a similar requirement under specific circumstances following an arrest for a misdemeanor traffic law violation. Further, article 15.17 provides that the magistrate "shall admit the person arrested to bail if allowed by law." Under normal circumstances, then, the magistrate will set the amount of bail, rather than the sheriff or other officer having the person in custody. The officer's authority to set the amount of bail would seem to be necessary chiefly in situations in which no magistrate is available, or, in arrests pursuant to a warrant, in which the proper magistrate, specified in article 15.16, is unavailable. Generally, a person arrested when the magistrates' offices are closed can be detained until a magistrate's normal working hours without violating the statutory requirement of an appearance "immediately" or "without unreasonable delay." See e.g.,

Gilbert v. State, 284 S.W.2d 906, 908 (Tex. Crim. App. 1955) (arrest at 8:00 p.m., bond arranged next morning); Grissam v. State, 403 S.W.2d 414, 416 (Tex. Crim. App. 1966) (arrest on Saturday afternoon, appearance before magistrate on Monday morning); Attorney General Opinion C-558 (1965).  Under such circumstances, with no magistrate available, the permissive power of the officer having the accused in custody to set and take a bail bond would come into play.

Article 17.20, on which your question is based, reads as follows:

> The sheriff, or other peace officer, in cases of misdemeanor, may, whether during the term of the court or during vacation, where he has a defendant in custody, take of the defendant a bail bond.

Other sections of the Code differentiate "fixing" and "taking" a bond -- for example, article 17.22, dealing with certain felony cases in which a peace officer is allowed to take a bond in such an amount as he considers reasonable, if no amount has been fixed by the court or magistrate.  Thus article 17.20, read by itself, would seem not to authorize the officer to set the amount of the bond, but rather to simply allow him to take a bond in an amount already set by some other person.  The anomalous result would be that a peace officer could set the amount of the bond in certain felony cases, but not in any misdemeanor cases.

Article 17.20, however, must be read in conjunction with other sections of the Code of Criminal Procedure. Article 17.15, prescribing rules for fixing the amount of bail, provides that, "The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail . . . ."  Article 3.03 defines the general term "officers" as including peace officers.  Thus, since article 17.20 authorizes the sheriff or other peace officer to take bail in misdemeanor cases, article 17.15 compels the conclusion that such officer is also to regulate the amount of bail in such cases.

There is some support in case law for this conclusion. In Branch v. Guinn, 242 S.W. 482 (Tex. Civ. App. -- Galveston 1922, no writ), which was decided under article 336 of the 1911 Code of Criminal Procedure, a predecessor of article 17.20, the court stated that "in all misdemeanor cases, the officer making the arrest may take bail in such amount as he may consider reasonable." Id. at 484. The old article 336 was enacted verbatim as article 286 of the 1925 Code of Criminal Procedure, and, in 1965, as article 17.20 of the current Code. The 1971 amendment of article 17.20 simply broadened the authority to take bail so that it covers all misdemeanor cases. The previous wording of article 17.20 had been construed, in Attorney General Opinion WW-136 (1957), as giving the officer no authority to take bail in cases involving warrantless arrests, but that opinion has been superseded by the 1971 amendment to the statute.

Your second question concerns whether a peace officer may take a bond from the arrested person when the arresting officer has refused to fix bail because of the person's drunken condition. Article 17.20 grants authority to take bail to the officer having custody of the misdemeanant. The arresting officer's authority to take (or deny) bail from the arrested person ends when he relinquishes custody, as by committing the arrested person to jail. From that point forward, the authority to take bail rests in the officer to whom custody has been given -- for example, the sheriff, if the arrested person is in the county jail. The arresting officer's denial of bail will not bind other officers once the arresting officer has relinquished custody. Of course, the officer having the arrested person in custody is subject to the requirement of articles 14.06 and 15.17 that he take the arrested person before a magistrate when one becomes available, if bail has not previously been granted.

In your third question, you ask whether the sheriff or another peace officer, having received custody of the accused from the arresting officer, has the authority to simply release the accused without requiring a bail bond or taking him before a magistrate. Finding no statutory authority for such an action, we believe the answer is no. So long as the arresting officer wishes to commit the prisoner to jail and charge him with a misdemeanor, the sheriff or other officer receiving custody cannot release the accused unless no magistrate is available, and then only after taking a bail bond in the manner and form prescribed by Chapter 17 of the Code.

To answer your fourth question, we believe that a peace officer does not have the authority to set up a schedule of bond amounts and then have the bonds fixed and taken by clerks or dispatchers who are not peace officers. Authority to take, and thus regulate the amount of, bail bonds, must arise from an express statutory grant; article 17.20 gives such authority only to the "sheriff, or other peace officer." Article 2.12 contains a specific enumeration of the persons considered to be "peace officers" as that term is used in the Code; clerks and dispatchers are not included. In the absence of any express statutory provision, we believe that peace officers having custody of arrested persons cannot delegate their authority to take bail bonds to persons who are not peace officers. Additionally, we note that the amount of bond must be determined by the Constitution and rules set out in article 17.15, rather than by any arbitrary "schedule of bond amounts."

In answer to your fifth question, a bail bond fixed and taken by a peace officer having custody of the arrested person, under circumstances which comport with our interpretation of the appropriate Code provisions set out above, would be a bond collectible by forfeiture. Since a clerk or dispatcher may not legally take a bond, any bond taken by a clerk or dispatcher or any other person not authorized to take a bail bond would not be a bond collectible by forfeiture.

## S U M M A R Y

While a peace officer's authority to set the amount of bail will be exercised only in rare and limited circumstances, articles 17.20 and 17.15 authorize the sheriff or other peace officer having custody of the accused in misdemeanor cases to set the amount of bail and then take bail from the accused. The authority to fix bail in

such cases lies with the officer having
custody of the accused, but no officer,
other than the arresting officer, may
summarily release the accused without
complying with the requirements for
bail bonds.  Bonds set by peace officers
in accordance with the above requirements
are collectible by forfeiture, but bonds
may not be set by dispatchers or clerks
who are not peace officers.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb